UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:15-bk-3351-KSJ

In the matter of:

INNOVATIVE DISTRIBUTION, LLC
D/B/A JM METALS

    Debtor.
_____/

**INTERIM ORDER GRANTING DEBTOR'S MOTION TO USE
CASH COLLATERAL AND NOTICE OF CONTINUED HEARING**

THIS CASE came on for emergency hearing on April 29, 2015, on the Emergency Motion of the Debtor-in-Possession to authorize the use of cash collateral ("Motion to use cash collateral"), filed on April 17, 2015 (Doc. #4). For the reasons stated in Court, it is

**ORDERED:**

1.　The Motion (Doc. #4) is granted on an interim basis through July 31, 2015.

2.　<u>Cash Collateral Authorization</u>.  Subject to the provisions of this Order, the Debtor is authorized to use cash collateral to pay: a) amounts expressly authorized by this Court, including payments to the United States Trustee for quarterly fees; b) the current and necessary expenses set forth in the budget attached to the Motion to use cash collateral as Exhibit "A", plus an amount not to exceed 15% for each line item; and c) such amounts as may be expressly approved in writing by PNC Bank (the "secured creditor"). This authorization will continue until further Order of the court. Except as authorized in this order, the Debtor is prohibited from use of cash collateral.

3.　<u>Debtor Obligations</u>. Debtor shall timely perform all obligations of a Debtor-in-Possession required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and orders of this Court.

4.　<u>Adequate Protection Payment</u>. This Debtor shall pay PNC Bank an adequate protection payment of $2,500 per month, commencing on or before May 7, 2015, and continuing on the same day of each month thereafter, until such amount changes pursuant to Court Order.

5. <u>Replacement Lien</u>.  PNC Bank shall have a perfected post-petition lien against cash collateral to the same extent and with the same validity and priority as the pre-petition lien, without the need to file or execute any document as may otherwise be required under applicable non-bankruptcy law.

6. <u>Without Prejudice</u>.  This Order is without prejudice to: a) any subsequent request by a party in interest for modified adequate protection or restrictions on use of cash collateral; or b) any other right or remedy which may be available to the secured creditor.

7. <u>Creditors' Committee</u>.  The provisions of this order are without prejudice to the rights of the United States Trustee to appoint a committee or any rights of a duty appointed committee to challenge the validity, priority or extent of any lien(s) asserted against cash collateral.

8. <u>Enforcement</u>.  The Court shall retain jurisdiction to enforce the terms of this Order.

9. <u>Continued Hearing</u>.  The Court shall conduct a further evidentiary hearing of the motion and any objections on July 29, 2015 at 2:00 o'clock P.M., in Courtroom 6A, 6th Floor, George C. Young Courthouse, 400 West Washington St., Orlando, Florida 32801.

DONE AND ORDERED on May 12, 2015

_____
HONORABLE KAREN S. JENNEMANN
Chief United States Bankruptcy Judge

Copies furnished to:
Raymond J. Rotella, Esq., P O Box 113, Orlando, Fl 32802
US Trustee, 400 W. Washington St., #1100, Orlando, Florida 32801
PNC Bank, Attn: Bankruptcy Dept., P O Box 489909, Charlotte, NC 28269
Craig Eller, Esq., One North Clematis St., #500, West Palm Beach, Fl 33401
Local Rule 1007-2 parties in interest list

Attorney Raymond J. Rotella is directed to serve a copy of this Order on interested parties and file a proof of service within 3 days of entry of the order.